**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 92-7562

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDY JESUS VALLEJO,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
_____
(September 2, 1993)

Before JOLLY, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Andy Jesus Vallejo appeals the district court's denial of his motion for a hearing on his motion to reconsider the extent of a downward departure from the federal sentencing guidelines.[1] Finding no abuse of discretion in the court's refusal to hold a hearing, we affirm.

Vallejo pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988). Pursuant to the plea agreement, the government moved for a downward

_____

[1] *See* United States Sentencing Commission, *Guidelines Manual* (Nov. 1991).

departure at sentencing, recommending a sentence reduction of "up to 50 per cent" less than the applicable sentencing range.

The probation officer determined that Vallejo's sentencing range was 151 to 188 months of imprisonment. At sentencing, the district court accepted the government's recommendation for sentence reduction, and sentenced Vallejo to a term of eighty-four months. The court stated that it had not departed to fifty percent of the lowest end of the sentencing range because Vallejo had not been "as straightforward as he could have been with the Court" when he pled guilty. Record on Appeal vol. 3, at 8-9.

After sentencing, Vallejo moved for a new trial, "only as it related to sentencing." Brief for Vallejo at 10; *see* Record on Appeal vol. 1 tab 64. He alleged that the court should have conducted a psychological examination at sentencing so that the court could understand that "what seemed to the Court to be a lack of veracity was instead primarily a deficit in socialization and interpersonal skills" caused by a "puerile personality." *See* Record on Appeal vol. 1 tab 64.

The district court, construing the motion for new trial as a motion for reconsideration of Vallejo's sentence, denied the motion. Vallejo then filed a motion for a "full hearing" on the denial of his motion for reconsideration. By its order dated August 11, 1992, the court denied that motion as well. Vallejo appeals only the court's order denying his motion for a hearing on his motion for reconsideration; he neither appeals the denial of

his motion for reconsideration, nor the sentence imposed by the court.  *See id.* tab. 80.

We have previously held that "[d]epartures from the guidelines are within the broad discretion of the district court."  *United States v. Adams,* 996 F.2d 75, 78 (5th Cir. 1993) (citing *United States v. Roberson,* 872 F.2d 597, 601 (5th Cir.), *cert. denied,* 493 U.S. 861, 110 S. Ct. 175, 107 L. Ed. 2d 131 (1989)).  We therefore apply an abuse of discretion standard in reviewing the district court's refusal to hold a hearing on its denial of Vallejo's motion for reconsideration.

There is no authority directly on point regarding whether a district court must grant a hearing on a motion to reconsider the extent of a legal downward departure from the sentencing guidelines.[2]  Several factors, however, support the court's decision not to hold a hearing.  First, Vallejo did not object to the court's stated rationale for its sentence at the sentencing hearing.  *See* Record on Appeal vol. 3 (sentencing transcript).  Second, Vallejo did not object to the Presentence Report ("PSR"), which failed to mention any psychological problems which Vallejo may have been suffering from at the time of sentencing.  *See* PSR ¶ 47.  Moreover, because of the great deference we give district courts in deciding whether even to depart downward from the

---

[2]    Vallejo does not contest the legality of the court's downward departure.  *See* Brief for Vallejo; *see also* U.S.S.G. § 5K1.1 (stating that a court may depart downward from the guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance").

guidelines,[3] much less the extent of such a departure, we hold that the court did not abuse its discretion by refusing to hold a hearing on Vallejo's motion to reconsider the extent of the court's downward departure.

Accordingly, the district court's judgment is AFFIRMED.

---

[3] *See United States v. Mitchell,* 964 F.2d 454, 462 (5th Cir. 1992) (reiterating the well-established rule that we "will not review a district court's refusal to depart from the Guidelines, unless the refusal was in violation of the law" (attribution omitted)).